UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6157-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM R. DIAS,

    Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO
## PRESENTENCE INVESTIGATION REPORT
## AND MOTION FOR DOWNWARD DEPARTURE

    Defendant, William R. Dias, by and through his undersigned attorney files his objections to the Presentence Investigation Report and Motion for Downward Departure in accordance with Rule 32 of the Federal Rules of Criminal Procedure and Administrative Order No. 95-02 as well as 18 U.S.C. §3553(b) and U.S.S.G. §5K2.20. Sentencing in this case is scheduled for December 8, 2000. The objections raised by Defendant and specifically stated below are factual in nature and do not affect the guideline calculations. Defendant requests that the Court grant his Motion for Downward Departure. In support of his position regarding his objections and request for downward departure, Defendant states:

### OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

1.    The majority of the objections the Defense raises to the Presentence Investigation Report (PSI) in this case are in the form of corrections to typographic errors and not to material

1

33

facts. On page one, the undersigned's suite number should be 201. In paragraph 5 on page 2, the report refers to the fact that Defendant was referred for a substance abuse evaluation. Since the filing of the report the evaluation has been completed and it was recommended that Defendant attend two individual sessions per month and three group sessions per week. On page 9, Defendant's date of birth is referred to in paragraph 36 as April 4, 1950. The actual date which is accurately stated on page 2 is April 29, 1950. In that same paragraph, the name of the town where Defendant's parents live is Englewood. The last name of two of Defendant's brothers is listed as "Davis". They in fact have the same last name as Defendant. The paragraph also stated that Defendant has four siblings when in fact he has five. All of the siblings are listed in the paragraph. Finally in paragraph 37, Defendant's brother Glenn lives in St. Mary's, Ohio. Defendant also submits that paragraph 49 should be amended to reflect the results of the substance abuse evaluation as previously mentioned.

2. As to the calculations set out in paragraphs twenty through twenty-nine the defense has no objection. The defense also does not dispute the analysis of Defendant's financial position set out in the report and agrees that Defendant does not have the ability to pay a fine. Defendant does not agree that there are no factors which warrant a departure as stated in paragraph seventy-seven. Defendant's position regarding this issue is set out below.

## MOTION FOR DOWNWARD DEPARTURE

In this case Defendant, William R. Dias, requests that this court grant his motion for downward departure on the basis of the conduct being an act of aberrant behavior. In accordance with U.S.S.G. §5K2.20 as amended effective November 1, 2000, aberrant behavior may provide a basis for the court departing from the applicable guideline range. In this case,

2

Defendant submits that a downward departure is warranted. He requests that the court impose a sentence which would require him to serve a period of house arrest with probation and drug treatment.

Prior to the amendment to the United States Sentencing Guidelines, which added Section 5K2.20, aberrant behavior was defined in the Eleventh Circuit by the decision rendered in United States v. Withrow, 85 F. 3d 527 (Fla. 11th Cir. 1996). In Withrow, the Court held that "An aberrant act is not established unless the defendant is a first time offender and the crime was a spontaneous and thoughtless act rather than one that was a result of substantial planning." Withrow, at 530-31. See also, United States v. Bush, 126 F. 3d 198 (Fla. 11th Cir. 1997). The recent amendment now explains when a reduction in the applicable guideline range may be warranted for aberrant behavior. §5K2.20 U.S.S.G. states:

> A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. However, the court may not depart below the guideline range on this basis if (1) the offense involved seriously bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point, as determined under Chapter Four (Criminal History and Criminal Livelihood); or (5) the defendant has a prior federal, or state, felony conviction, regardless of the whether the conviction is countable under Chapter Four.

The Application Notes which accompany §5K2.20 defines aberrant behavior and states that the phrase means "a single criminal occurrence or a single criminal transaction that (a) was committed without significant planning; (b) was of limited duration; and (c) represents a marked deviation by the defendant from an otherwise law-abiding life. The Application Notes also state: "In determining whether the court should depart on the basis of aberrant behavior, the court may

3

consider the defendant's (a) mental and emotional conditions; (b) employment record; (c) record of prior good works; (d) motivation for committing the offense; and (e) efforts to mitigate the effects of the offense.

While the decision predated the amendment, the Court in United State v. Grandmaison, 77 F. 3d 555 (1st Cir. 1996) set forth a comprehensive definition for the term aberrant behavior. A significant portion of the language found in §5K2.20 can be found in the Grandmaison decision. The Court in Grandmaison explained that "single acts of aberrant behavior" should include multiple acts leading up to the commission of a crime. Grandmaison at 563. This concept appears to have been adopted by the Sentencing Commission because §5K2.20 provides that the criminal occurrence or transaction should be of limited duration which by implication means that there can be more than a single act. It is also clear from the amendment that even if an individual has a prior conviction and therefore is not a "first time offender," he can be eligible for a downward departure so long as he does not have a prior federal or state felony conviction.

In this case Defendant is charged with possessing child pornography. Although he obtained pornography on more than one occasion, the number of acts leading up to the crime for which he has pled guilty should not preclude him from being eligible for a downward departure. The conduct of possessing child pornography was committed without significant planning over a limited duration and represented a marked deviation. The only prior contact with law enforcement was as a result of being charged with driving under the influence, for which he was acquitted and possession of marijuana, a misdemeanor. Although, Defendant had viewed adult pornography during his adult years, he had never previously shown any interest in child pornography.

As explained in some detail in the Presentence Investigation Report, the activity for

4

which the defendant entered a plea occurred during a time of significant turmoil. Defendant had separated from his wife of over ten years in 1997 and they divorced during the summer of 1998. Defendant's problem with alcohol and drugs which had been a major part of the reason for the break up of his marriage also caused depression which in turn caused Defendant to use his personal computer when others were not around. Although Defendant was always able to maintain his employment, mentally and emotionally he was a wreck. Defendant had always been very involved in the lives of his children but because of the divorce the children would visit him only two days a week and every other weekend. This caused Defendant to have more time alone and as a result more time to explore on the computer.

This conduct on part of the Defendant is in contrast to the behavior he otherwise displayed, especially as it relates to children. Even after learning of his arrest, Defendant's ex-wife stated that she believes Defendant is not sexually interested in children and that she trusts him with their children. As stated in the PSI, he assists in the raising of his two children with his ex-wife. Both children suffer varying degrees of Attention Deficit Hyperactivity Disorder (A.D.H.D.). Additionally, his son who is age eleven has a Appositional Defiance Disorder. If Defendant were to be incarcerated his ex-wife has indicated that she would have to move to Kentucky so that she could receive the emotional support and child care from her family that she presently receives from Defendant.

As for the Defendant's motivation for committing the offense, he stated at the time that he was approached by the agents, that he was simply curious to see if child pornography actually existed on the internet. There was no financial gain to Defendant by obtaining this material. He did not sell any of the photographs he obtained and he did not use the photographs in an attempt to contact minor children. From the very beginning, Defendant cooperated fully with the agents

5

investigating this case. He admitted his involvement and permitted the agents to take the computer.

In this case Defendant submits that his criminal conduct constitutes aberrant behavior, which permits the court to grant a downward departure. Defendant asks that the Court grant a four level departure and impose a sentence within Zone B. The Court could then impose a sentence of probation including a period of home detention or community confinement. The Court could also impose a special condition that the Defendant continue receiving counseling and treatment for his substance abuse problem which he readily acknowledges that he needs. If the Court were to impose a period of incarceration, the Defendant will not be eligible for work placement in a "camp" or to serve any period of incarceration in a halfway house, or be eligible for any early release upon completion of a Bureau of Prisons Drug Abuse Program. The Bureau of Prisons considers a violation of the statute at issue in this case to qualify the offender as a "sex offender" and therefore the Bureau of Prisons will treat the Defendant the same as if the defendant had committed a sexual act upon a minor. Based upon the factors set forth in §5K2.20 and the facts present in this case, Defendant submits that his conduct was an act of aberrant behavior.

## CONCLUSION

Based upon the facts as set forth in the Presentence Investigation, along with the applicable law, Defendant, William R. Dias, respectfully requests that this Court grant

his Motion for Downward Departure and impose a sentence of house arrest as a special condition of probation.

Respectfully submitted,

THOMAS C. GANO, P.A.
400 Executive Center Drive
Suite 201
West Palm Beach, FL 33401
Telephone: (561) 687-8776
Facsimile: (561) 686-4567

THOMAS C. GANO, ESQUIRE
Florida Bar #375365
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to Frank Smith, United States Probation Office by hand delivery, 299 East Broward Blvd., Suite 409, Ft. Lauderdale, Florida 33301, and to Kathleen Rice, Asst. U.S. Attorney, 500 East Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33301 by facsimile (954) 356-7336 this 17th day of November, 2000.

THOMAS C. GANO, ESQUIRE

7