UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6157-CR-ZLOCH

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM R. DIAS,

Defendant.
_____/



## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DOWNWARD DEPARTURE

Defendant, William R. Dias, by and through his undersigned attorney files this Supplemental Memorandum of Law in Support of his Motion for Downward Departure. Defendant's sentencing is scheduled for December 8, 2000. The Defendant previously filed his Objections to the Presentence Investigation Report and Motion for Downward Departure. In support of his Motion for Downward Departure, Defendant states:

1. Defendant requested that the Court depart from the recommended guideline range based on the conduct in this case being an act of aberrant behavior. In the motion, the undersigned cited to §5K2.20 United States Sentencing Guidelines as amended effective November 1, 2000.

2. Since the filing of the Motion for Downward Departure, counsel for Defendant has been made aware of the Supplement to Appendix C, Amendment 603 of the United States Sentencing Guidelines Manual, which sets forth the explanation and reasons for the Amendment to the guidelines which added the "aberrant behavior" provision. Counsel for

1

Defendant has attached hereto a copy of the Supplement to Appendix C, pages 75 through 78. The attachment sets forth the case law upon which the Amendment is based and explains the reasons for the Amendment.

WHEREFORE, for the reasons set forth in Defendant's Motion, Defendant respectfully requests that the Court grant his Motion for Downward Departure.

Respectfully submitted,

THOMAS C. GANO, P.A.
400 Executive Center Drive
Suite 201
West Palm Beach, FL 33401
Telephone: (561) 687-8776
Facsimile: (561) 686-4567

THOMAS C. GANO, ESQUIRE
Florida Bar #375365
Attorney for Defendant

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile to Frank Smith, United States Probation Office, 299 East Broward Blvd., Suite 409, Ft. Lauderdale, Florida 33301, and to Kathleen Rice, Asst. U.S. Attorney, 500 East Broward Blvd., 7th Floor, Ft. Lauderdale, Florida 33301 this __28__ day of November, 2000.

THOMAS C. GANO, ESQUIRE

2

1999); United States v. Green, 152 F.3d 1202, 1207 (9th Cir. 1998) (same), with United States v. Sims, 174 F.3d 911 (8th Cir. 1999) (district court lacks authority at resentencing following an appeal to depart on ground of post-conviction rehabilitation which occurred after the original sentencing; refuses to extend holding regarding departures for post-offense rehabilitation to conduct that occurs in prison; departure based on post-conviction conduct infringes on statutory authority of the Bureau of Prisons to grant good-time credits). In Sims, the Eighth Circuit concluded that a rule allowing a departure at resentencing based on post-sentencing rehabilitation would result in unwarranted disparity because resentencing would be a fortuitous event benefitting only some defendants; would reinstate a parole-like system; and would interfere with the authority of the Bureau of Prisons to award good-time credits. See Sims, 174 F.3d at 912-13; Rhodes, 145 F.3d at 1384 (Silberman, J., dissenting).

The Commission determined that post-sentencing rehabilitative efforts should not provide a basis for a downward departure when resentencing a defendant initially sentenced to a term of imprisonment because such a departure would (1) be inconsistent with policies established by Congress under the Sentencing Reform Act, including the provisions of 18 U.S.C. § 3624(b) for reducing the time to be served by an imprisoned person; and (2) inequitably benefit only those few who gain the opportunity to be resentenced de novo, while others, whose rehabilitative efforts may have been more substantial, could not benefit simply because they chose not to appeal or appealed unsuccessfully. Additionally, prohibition on downward departure for post-sentencing rehabilitative efforts is consistent with Commission policies expressed in §1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range). This amendment does not restrict departures based on extraordinary post-offense rehabilitative efforts prior to sentencing. Such departures

have been allowed by every circuit that has ruled on the matter post-Koon. See e.g., United States v. Brock, 108 F.3d 31 (4th Cir. 1997).

**Effective date: The effective date of this amendment is November 1, 2000.**

603.　**Amendment:** Chapter One, Part A, Subpart 4(d) is amended by adding an asterisk at the end of the last paragraph after the period; and by adding at the end the following footnote:

"*Note: Although the Commission had not addressed 'single acts of aberrant behavior' at the time the Introduction to the Guidelines Manual originally was written, it subsequently addressed the issue in Amendment 603, effective November 1, 2000. (See Supplement to Appendix C, Amendment 603.)".

Chapter Five, Part K, Subpart 2, as amended by Amendment 602 (see supra), is further amended by adding at the end the following:

"§5K2.20.　Aberrant Behavior (Policy Statement)

A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. However, the court may not depart below the guideline range on this basis if (1) the offense involved

serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point, as determined under Chapter Four (Criminal History and Criminal Livelihood); or (5) the defendant has a prior federal, or state, felony conviction, regardless of whether the conviction is countable under Chapter Four.

Commentary

Application Notes:

1. For purposes of this policy statement—

    'Aberrant behavior' means a single criminal occurrence or single criminal transaction that (A) was committed without significant planning; (B) was of limited duration; and (C) represents a marked deviation by the defendant from an otherwise law-abiding life.

    'Dangerous weapon,' 'firearm,' 'otherwise used,' and 'serious bodily injury' have the meaning given those terms in the Commentary to §1B1.1(Application Instructions).

    'Serious drug trafficking offense' means any controlled substance offense under title 21, United States Code, other than simple possession under 21 U.S.C. § 844, that, because the defendant does not meet the criteria under §5C1.2 (Limitation on Applicability of Statutory Mandatory Minimum Sentences in Certain Cases), results in the imposition of a mandatory minimum term of imprisonment upon the defendant.

2. In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense.".

**Reason for Amendment:** This amendment responds to a circuit conflict regarding whether, for purposes of downward departure from the guideline range, a "single act of aberrant behavior" (Chapter One, Part A, Subpart 4(d)) includes multiple acts occurring over a period of time. Compare United States v. Grandmaison, 77 F.3d 555 (1st Cir. 1996) (Sentencing Commission intended the word "single" to refer to the crime committed; therefore, "single acts of aberrant behavior" include multiple acts leading up to the commission of the crime; the district court should review the totality of circumstances); Zecevic v. United States Parole Commission, 163 F.3d 731 (2d Cir. 1998) (aberrant behavior is conduct which constitutes a short-lived departure from an otherwise law-abiding life, and the best test is the totality of the circumstances); United States v. Takai, 941 F.2d 738 (9th Cir. 1991) ("single act" refers to the particular action that is criminal, even though a whole series of

acts lead up to the commission of the crime); <u>United States v. Pena</u>, 930 F.2d 1486 (10th Cir. 1991) (aberrational nature of the defendant's conduct and other circumstances justified departure), with <u>United States v. Marcello</u>, 13 F.3d 752 (3d Cir. 1994) (single act of aberrant behavior requires a spontaneous, thoughtless, single act involving lack of planning); <u>United States v. Glick</u>, 946 F.2d 335 (4th Cir. 1991) (conduct over a ten-week period involving a number of actions and extensive planning was not "single act of aberrant behavior"); <u>United States v. Williams</u>, 974 F.2d 25 (5th Cir. 1992) (a single act of aberrant behavior is generally spontaneous or thoughtless); <u>United States v. Carey</u>, 895 F.2d 318 (7th Cir. 1990) (single act of aberrant behavior contemplates a spontaneous and seemingly thoughtless act rather than one which was the result of substantial planning); <u>United States v. Garlich</u>, 951 F.2d 161 (8th Cir. 1991) (fraud spanning one year and several transactions was not a "single act of aberrant behavior"); <u>United States v. Withrow</u>, 85 F.3d 527 (11th Cir. 1996) (a single act of aberrant behavior is not established unless the defendant is a first-time offender and the crime was a thoughtless act rather than one that was the result of substantial planning); <u>United States v. Dyce</u>, 78 F.3d 610 (D.C. Cir.), <u>amd. on reh</u>. 91 F.3d 1462 (D.C. Cir. 1996) (same).

This amendment addresses the circuit conflict but does not adopt in toto either the majority or minority circuit view on this issue. As a threshold matter, this amendment provides that the departure is available only in an extraordinary case. However, the amendment defines and describes "aberrant behavior" more flexibly than the interpretation of existing guideline language followed by the majority of circuits that have allowed a departure for aberrant behavior only in a case involving a single act that was spontaneous and seemingly thoughtless. The Commission concluded that this application of the current language in Chapter One is overly restrictive and may preclude departures for aberrant behavior in circumstances in which such a departure might be warranted. For this reason, the Commission attempted to slightly relax the "single act" rule in some respects, and provide guidance and limitations regarding what can be considered aberrant behavior. At the same time, the Commission also chose not to adopt the "totality of circumstances" approach endorsed by the minority of circuits, concluding that the latter approach is overly broad and vague. The Commission anticipates that this compromise amendment will not broadly expand departures for aberrant behavior.

The amendment creates a new policy statement and accompanying commentary in Chapter Five, Part K (Departures) that sets forth the parameters of conduct and criminal history that the Commission believes appropriately may warrant departure as "aberrant behavior." The policy statement provides, in pertinent part, that "'aberrant behavior' means a single criminal occurrence or single criminal transaction." The Commission intends that the phrases "single criminal occurrence" and "single criminal transaction" will be somewhat broader than "single act", but will be limited in potential applicability to offenses (1) committed without significant planning; (2) of limited duration; and (3) that represent a marked deviation by the defendant from an otherwise law-abiding life. For offense conduct to be considered for departure as aberrant behavior, the offense conduct must, at a minimum, have these characteristics. The Commission chose these characteristics after reviewing case law and public comment that indicated some support for the appropriateness of these factors.

The policy statement places significant restrictions on the type of offense and the criminal history of the offender that can be considered for this departure. The restrictions on the type of offense that can qualify reflect a Commission concern that certain offense conduct is so

serious that a departure premised on a finding of aberrant behavior should not be available to those offenders who engage in such conduct. Similarly, the restrictions on criminal history reflect a Commission view that defendants with significant prior criminal records should not qualify for a departure premised on the aberrant nature of their current conduct.

The Commission recognizes that a number of other factors may have some relevance in evaluating the appropriateness of a departure based on aberrant behavior. Some of the relevant factors identified in the case law and public comment are listed in an application note.

**Effective date: The effective date of this amendment is November 1, 2000.**

604.  **Amendment:** The Commentary to § 1B1.4 captioned "Background" is amended by striking:

> ". For example, if the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into account by the guidelines would provide a reason for sentencing at the top of the guideline range. In addition, information that does not enter into the determination of the applicable guideline sentencing range may be considered in determining whether and to what extent to depart from the guidelines.",

and inserting:

> "in determining a sentence within the guideline range or from considering that information in determining whether and to what extent to depart from the guidelines. For example, if the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into account by the guidelines would provide a reason for sentencing at the top of the guideline range and may provide a reason for sentencing above the guideline range.".

Chapter Five, Part K, Subpart 2, as amended by Amendment 603 (see supra), is further amended by adding at the end the following:

> "§5K2.21.  Dismissed and Uncharged Conduct (Policy Statement)
>
> The court may increase the sentence above the guideline range to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.".

Section 6B1.2(a) is amended in the second paragraph by striking "Provided, that" and inserting "However,".

The Commentary to §6B1.2 is amended in the fourth paragraph by adding at the end the following: